Boyd, Brooks & Wickham, Cleveland, for plaintiff.

Ewing & Hecker, Cleveland, for defendant.

## STOUFFER v STOUFFER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15368.  Decided June 16, 1936

### OPINION

By TERRELL, J.

Mrs. Stouffer was granted a decree for divorce and an award of alimony and custody of their only child, which decree was based upon the aggression of her husband. This decree was dated in June, 1934. The parties to the case had theretofore agreed in a written contract for the division of their property and for the payment of alimony and support of the minor child by the defendant. The contract of the parties was adopted by the court and written into the decree. It provided for certain month-

ly payments to be made to Mrs. Stouffer and also provided that she should have the custody of the child with the right of Mr. Stouffer to visit it once a week. Payments were made by Mr. Stouffer under this decree for over a year. Then he ceased payments entirely and filed a motion with the trial court to modify the decree theretofore made pertaining to the payments of alimony, in which he asked the court to be relieved from his obligation to pay any sum or sums of money to plaintiff as alimony or for the support, care, education and maintenance of their minor child, or, in lieu thereof, to reduce the amounts of such payments provided for in such decree for the reason that plaintiff had removed the said minor child of the parties out of the jurisdiction of this court and to the city of Wilmington, Delaware. This motion was heard and granted. The decree was modified by providing that the defendant pay to Mrs. Stouffer for the support, care, education and maintenance of said child the sum of $60.00 a month instead of that which the former decree provided of $175.00 a month. Plaintiff complained of said order of the court and filed her petition in error in this court.

After the filing of her petition in the trial court, plaintiff with the knowledge of defendant, took the child to the home of plaintiff's mother in Wilmington, Delaware. At the time of the divorce trial and at the time of the decree for divorce and alimony, the child was in Wilmington, Delaware. During the time that defendant made payments under the decree, he visited the child about fourteen times at Wilmington, Delaware. He was never denied the right to see his child on any occasion.

Upon the hearing of this motion for modification no evidence was introduced to show the change of circumstances or conditions of the parties from the time of the hearing of the divorce case and the granting of the decree therein.

It is our conclusion that the original decree should not have been modified unless the conditions existing at the time of the granting of the decree were changed or unless the court deemed it advisable to modify the decree as a disciplinary measure to compel one of the parties to perform the conditions in the decree contained.

Nowhere in the decree is it provided that Mrs. Stouffer should keep the child in this jurisdiction of the court. It may well have been the understanding of Mrs. Stouffer that she was permitted to keep the child

in Wilmington, Delaware, and this conclusion might well have been justified from the fact that at the time of giving her the exclusive custody of the child she had the child then in Wilmington, Delaware. It is not beyond the power of the trial court to provide that the child shall be returned to this jurisdiction and to make an order to that effect upon proper motion, if it is deemed for the best interests of the child so to do. If this order were not then complied with, the trial court would be well within the exercise of its jurisdiction to modify the decree by reducing the monthly payments of alimony provided in the decree. In this case no such motion or order was made. Mrs. Stouffer was not ordered to return the child to this jurisdiction nor was she granted the privilege of complying with such an order before the alimony award was reduced to one-third of its amount.

In this respect we hold that the trial court abused its discretion in reducing these payments without first giving Mrs. Stouffer the opportunity to return the child to this jurisdiction.

Counsel for Mrs. Stouffer argue that all Mrs. Stouffer will have to do to have the alimony payments restored is to return the child to this jurisdiction. A perusal of the modification order however discloses that it is an absolute reduction of the payments in said decree provided from $175.00 a month to $60.00 a month and there is no condition attached thereto. The court does not provide that in case the child is returned to this jurisdiction that the alimony payments in the decree shall be restored.

This matter is remanded to the Common Pleas Court with instructions to overrule the motion to modify said decree.

LIEGHLEY, PJ, concurs in judgment.
LEVINE, J, dissents for the reason that this is not a matter for reversal but is instead a matter for modification.

## DISSENTING OPINION

By LEVINE, J.

I am of the opinion that even though the parties have entered into an agreement or arrangement pertaining to all matters of alimony and support of a child, and even though the court in its original decree used this agreement between the parties as a basis for its own decree and

substantially incorporating said arrangement or agreement between the parties in its decree, that the court nevertheless may, upon a proper showing, modify the terms of the decree. Especially is it true when the decree deals in part with provision for the maintenance, support and education of a child.

A perusal of the original decree shows that in the main the court placed certain obligations upon Gordon Stouffer, the husband and father, and likewise conferred certain benefits on him by conferring upon him the right of visiting the child at least once a week. The original decree is silent on the mooted question here as to whether the mother had the right to take the child to the State of Delaware or anywhere outside the jurisdiction of the court. I am inclined to the view that unless the court specifically permits the child to be taken to another jurisdiction that neither parent would have any legal right to take the child to another state and outside of the jurisdiction of this court. Before this can be done, the party desiring to take the child outside the jurisdiction of the court must apply to the court by motion, and upon a proper showing the court may or may not grant this permission.

So far as the record in this case is concerned, the child was taken by the mother to the State of Delaware and outside of the jurisdiction of the Common Pleas Court without authority or permission from the court so to do. This act of taking the child outside of the jurisdiction without the permission of the court effectively destroys the substantial benefit conferred upon the father to visit the child once a week.

The original decree must be read as one. The burdens imposed upon the father and the benefits conferred upon him are part and parcel of the same order. The court may, in the exercise of sound discretion refuse to enforce the obligations or burdens imposed upon the father if by the act of the other party the benefits accorded him in the same decree are denied. It is a disciplinary power which is inherent in the court to enable it to enforce its decrees.

It is urged that the court abused its discretion in making this radical reduction in the amount of allowance by way of alimony and support of the child without first affording Mrs. Stouffer an opportunity to bring the child back into this jurisdiction.

Granting that there is substance to this contention it would not require a reversal of the case as the power to modify is conferred upon this court by the Constitution of Ohio. This court can make the order which should have been made in the Common Pleas Court. This court can very well attach a condition to the order of reduction made by the Common Pleas Court and thereby affording Mrs. Stouffer an opportunity to return the child to the jurisdiction of this court within a reasonable time.

The majority of this court seems fully agreed that the Common Pleas Court may by way of discipline and to enable it to enforce its own orders withhold the enforcement of the obligations imposed upon the father in this decree in order to compel the other party not to deprive him of the benefits accorded him by the same decree. This court with the record before it can accomplish legal and just results by exercising its own power of modification.